# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JASPER LEE BAGSBY, | Case No.: 1:17-cv-01048-LJO-JLT (HC) |
| Petitioner, | FINDINGS AND RECOMMENDATIONS TO GRANT RESPONDENT'S MOTION TO DISMISS |
| v. | [Doc. No. 12] |
| W. L. MONTGOMERY, | [TWENTY-ONE DAY OBJECTION PERIOD] |
| Respondent. | |

Respondent has filed a motion to dismiss contending that the petition violates the statute of limitations. The Court agrees and will therefore recommend that Respondent's motion to dismiss be granted and the petition be dismissed with prejudice.

**DISCUSSION**

I.     Procedural Grounds for Motion to Dismiss

Rule 4 of the Rules Governing Section 2254 Cases allows a district court to dismiss a petition if it "plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court . . . ." Rule 4 of the Rules Governing Section 2254 Cases.

The Ninth Circuit has allowed respondents to file a motion to dismiss in lieu of an answer if the motion attacks the pleadings for failing to exhaust state remedies or being in violation of the state's procedural rules. See, e.g., O'Bremski v. Maass, 915 F.2d 418, 420 (9th Cir. 1990) (using Rule 4 to

evaluate motion to dismiss petition for failure to exhaust state remedies); White v. Lewis, 874 F.2d 599, 602-03 (9th Cir. 1989) (using Rule 4 as procedural grounds to review motion to dismiss for state procedural default). Thus, a respondent can file a motion to dismiss after the court orders a response, and the court should use Rule 4 standards to review the motion.

Respondent's motion to dismiss asserts a violation of the one-year limitation period set forth in 28 U.S.C. 2244(d)(1). Because Respondent's motion to dismiss is similar in procedural standing to a motion to dismiss for failure to exhaust state remedies or for state procedural default and Respondent has not yet filed a formal answer, the Court will review Respondent's motion to dismiss pursuant to its authority under Rule 4.

II.   Limitation Period for Filing Petition for Writ of Habeas Corpus

On April 24, 1996, Congress enacted the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA). The AEDPA imposes various requirements on all petitions for writ of habeas corpus filed after the date of its enactment. Lindh v. Murphy, 521 U.S. 320 (1997); Jeffries v. Wood, 114 F.3d 1484, 1499 (9th Cir. 1997) (en banc), *cert. denied,* 118 S.Ct. 586 (1997). The instant petition was filed on August 1, 2017,[1] and thus, it is subject to the provisions of the AEDPA.

The AEDPA imposes a one year period of limitation on petitioners seeking to file a federal petition for writ of habeas corpus. 28 U.S.C. § 2244(d)(1). In most cases, the limitation period begins running on the date that the petitioner's direct review became final. Here, the California Supreme Court denied review on June 10, 2015. (LD[2] 3-4.) Therefore, direct review concluded on September 8, 2015, when the ninety-day period for seeking review in the United States Supreme Court expired. Barefoot v. Estelle, 463 U.S. 880, 887 (1983). The statute of limitations commenced on the following day, i.e., September 9, 2015. Absent applicable tolling, the last day to file a federal habeas petition was September 8, 2016.

---

[1] Under the mailbox rule, a petitioner's pleading is deemed filed on the date of its submission to prison authorities for mailing, as opposed to the actual date of its receipt by the court clerk. Houston v. Lack, 487 U.S. 166, 276 (1988). Accordingly, for all of Petitioner's state petitions and for the instant federal petition, the Court will consider the date of signing of the petition (or the date of signing of the proof of service if no signature appears on the petition) as the earliest possible filing date and the operative date of filing under the mailbox rule for calculating the running of the statute of limitation.

[2] "LD" refers to the documents lodged by Respondent with his motion.

III. <u>Statutory Tolling of the Limitation Period Pursuant to 28 U.S.C. § 2244(d)(2)</u>

Under the AEDPA, the statute of limitations is tolled during the time that a properly filed application for state post-conviction or other collateral review is pending in state court. 28 U.S.C. § 2244(d)(2). A properly filed application is one that complies with the applicable laws and rules governing filings, including the form of the application and time limitations. <u>Artuz v. Bennett</u>, 531 U.S. 4, 8 (2000). An application is pending during the time that 'a California petitioner completes a full round of [state] collateral review," so long as there is no unreasonable delay in the intervals between a lower court decision and the filing of a petition in a higher court. <u>Delhomme v. Ramirez</u>, 340 F. 3d 817, 819 (9th Cir. 2003), *abrogated on other grounds as recognized by* <u>Waldrip v. Hall</u>, 548 F. 3d 729 (9th Cir. 2008) (*per curiam*); <u>see</u> <u>Evans v. Chavis</u>, 546 U.S. 189, 193-194 (2006); <u>Carey v. Saffold</u>, 536 U.S. 214, 220, 222-226 (2002); <u>Nino v. Galaza</u>, 183 F.3d 1003, 1006 (9th Cir. 1999).

The parties do not contest that Petitioner filed three habeas petitions in the state courts, as follows:

**First Petition:**
August 10, 2015: Petition for writ of habeas corpus filed in the Kern County Superior Court.
November 23, 2015: Petition denied.

**Second Petition**:
December 30, 2015: Petition for writ of habeas corpus filed in the California Court of Appeal.
July 21, 2016: Petition denied.

**Third Petition:**
March 14, 2017: Petition for writ of habeas corpus filed in the California Supreme Court.
May 24, 2017: Petition denied.

(LD 5-10.)

At the time the first petition was filed, the limitations period had not yet commenced; rather, it commenced while the first petition was pending. Under § 2244(d)(2), the limitations period was tolled for the time the first petition was pending until it was denied on November 23, 2015. The second petition was filed on December 30, 2015. Respondent concedes that Petitioner is entitled to tolling for the gap between the first and second petition, and for the time the second petition was pending until it was denied on July 21, 2016. The third petition was not filed for a period of 236 days until March 14, 2017. Respondent contends that Petitioner is not entitled to tolling for that 236-day interval because the delay was clearly unreasonable. Petitioner contends the delay was not unreasonable because he

3

was out to court during the relevant time period. Specifically, he states he was sent out to court on March 12, 2015 and did not return to state prison until November of 2016. (Pet'r's Opp'n at 4-6.) He further states he did not receive all of his property until November 29, 2016. (Pet'r's Opp'n at 4-6.)

In Evans, the Supreme Court, recognizing that California does not have strict time deadlines for the filing of a habeas petition at the next appellate level, indicated that most states provide for a shorter period of 30 to 60 days within which to timely file a petition at the next appellate level. Evans, 546 U.S. at 201. It is clear from Evans that in California unjustified delays greater than six months are per se unreasonable. Id. However, Evans left to the federal district courts in California the task to carry out the Supreme Court's mandate of determining, in appropriate cases, whether the petitioners' delays in filing state petitions were reasonable. Among the Ninth Circuit as well as the various federal district courts in California, a consensus has emerged that any delay of sixty days or less is per se reasonable, but that any delay "substantially" longer than sixty days is not reasonable. See, e.g., Stewart v. Cate, 757 F.3d 929, 936 (9th Cir. 2012) (100-day delay unreasonable); Stancle v. Clay, 692 F.3d 948, 956 (9th Cir. 2012) (82-day delay unreasonable); Velasquez v. Kirkland, 639 F.3d 964, 968 (9th Cir. 2011) (delays of 81 and 91 days unreasonable); Chaffer v. Prosper, 592 F.3d 1046, 1048 (9th Cir. 2010) (delays of 115 and 101 days unreasonable); Sierra v. Martinez, 2016 WL 6094417 (E.D. Cal. 2016) (74-day delay unreasonable); Griffin v. Perry, 2016 WL 4899205 (E.D. Cal. 2016) (84-day delay unreasonable despite limited access to law library); Culver v. Director of Corrections, 450 F.Supp.2d 1135, 1140-1141 (C.D. Cal. 2006) (delays of 97 and 71 days unreasonable); Hunt v. Felker, 2008 WL 364995 (E.D. Cal. 2008) (70 day delay unreasonable).

Respondent is correct that an unexplained delay of 236 days is per se unreasonable. Nevertheless, Petitioner argues that the interval should be tolled because he could not pursue his state remedies since he was out to court. Petitioner's justification is not persuasive for two reasons. First, this excuse was not presented to the California Supreme Court as justification for his lengthy delay. As noted by Respondent, Petitioner stated only that he did not have access to the law library. (LD 9 at 6.) Respondent is correct that the Supreme Court's language in Evans indicates that timeliness turns on the facts actually pleaded to the state court. Evans, 546 U.S. at 852 ("the Circuit must itself examine the delay in each case and determine what the state courts *would have held* in respect to

4

timeliness") (emphasis added). This is also consistent with California law which requires a prisoner to offer specific facts explaining and justifying any delay. In re Robbins, 18 Cal.4th 770, 795 n. 16 (1998). The burden to establish that the petition was filed in a reasonable time falls on the petitioner, and this burden is substantial. Id. at 780, 784, 787, 804. It is not enough to simply allege facts that, if true, would establish timeliness. Petitioner must offer specific facts supported by relevant exhibits and declarations. Id. at 787-88. Thus, Petitioner's present justification cannot be considered in determining whether the California Supreme Court would have considered his petition timely. His only justification was a lack of access to the law library. However, he did not offer any specific facts or support his allegation with any exhibits or declarations. Moreover, the petition presented to the California Supreme Court was nearly identical to the petition presented before to the appellate court. Therefore, any lack of access to the law library was irrelevant to the delay in filing. The Court finds that the state court would have determined the petition to be untimely filed and Petitioner is not entitled to statutory tolling for the interval between the second and third petition or for the time the third petition was pending.

Second, even if Petitioner had properly presented his justification to the California Supreme Court, it would have been rejected. As previously stated, the petition presented to the California Supreme Court was nearly identical to the petition previously presented to the appellate court. The only difference in the California Supreme Court petition was the inclusion of the appellate court's denial and a copy of an ex parte application to expand the appointment of appellate counsel to include preparation of a habeas petition. (LD 9.) Clearly no extensive research and writing was conducted. Rather, it is clear it took Petitioner nearly eight months to submit a copy of the petition he had submitted to the appellate court. Petitioner's claim that he did not receive his legal property until November 29, 2016 is of no consequence since he still delayed nearly four more months before he filed the petition in the California Supreme Court. Thus, the Court finds that Petitioner should not be entitled to interval tolling for the 236-day period between the second and third petitions, and the time the third petition was pending.

As a result, the one-year limitations period began running the day after the second petition was denied, to wit, July 22, 2016, and expired one year later on July 21, 2017. Petitioner did not file the

instant petition until August 1, 2017. Therefore, the federal petition was untimely.

IV. Later Trigger Date of Limitations Period – 28 U.S.C. § 2244(d)(1)(B)

It appears Petitioner may be claiming that the denial of access to his property while out to court was an impediment which should result in a later start date for the statute of limitations. Under 28 U.S.C. § 2244(d)(1)(B), if Petitioner shows that government action created an impediment in violation of the Constitution or laws of the United States, the limitations period will commence anew from the date on which the impediment to filing is removed. Although similar to a claim for equitable tolling, a claim for a new start date due to state impediment must satisfy a far higher bar. Ramirez v. Yates, 571 F.3d 993, 1000 (9th Cir. 2009). In Ramirez, the petitioner claimed entitlement to a new start date based on his placement in administrative segregation and its attendant limitations on his access to his legal file and the prison law library. Id. He claimed this denial amounted to an impediment to his constitutional right of access to the courts. Id. The Ninth Circuit noted that there is no constitutional right to file a timely § 2254 petition; therefore, the petitioner would be "entitled to the commencement of a new limitations period under § 2244(d)(1)(B) only if his placement in administrative segregation altogether prevented him from presenting his claims in *any* form, to *any* court." Id. at 1001 (emphasis in original). In Ramirez, the petitioner could not make this showing because he was able to file three state habeas petitions in the state courts during the time period he was allegedly impeded. Id. In this case, Petitioner fails to allege how any impediment prevented him from accessing the courts. As in Ramirez, Petitioner cannot make a showing of any impediment because he filed two state habeas petitions during the time he was allegedly impeded. Accordingly, he should not be entitled to a new limitations period.

V. Equitable Tolling

The running of the one-year limitation period under 28 U.S.C. § 2244(d) is subject to equitable tolling in appropriate cases. See Holland v. Florida, 560 U.S. 631, 651-652 (2010); Calderon v. United States Dist. Ct., 128 F.3d 1283, 1289 (9th Cir. 1997). Equitable tolling may be granted when "extraordinary circumstances beyond a prisoner's control make it impossible to file the petition on time." Shannon v. Newland, 410 F. 3d 1083, 1089-1090 (9th Cir. 2005) (internal quotation marks and citations omitted). "When external forces, rather than a petitioner's lack of diligence, account for the

failure to file a timely claim, equitable tolling of the statute of limitations may be appropriate." Miles v. Prunty, 187 F.3d 1104, 1107 (9th Cir. 1999). "Generally, a litigant seeking equitable tolling bears the burden of establishing two elements: "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way." Holland, 560 U.S. at 651-652; Pace v. DiGuglielmo, 544 U.S. 408, 418 (2005). "[T]he threshold necessary to trigger equitable tolling under AEDPA is very high, lest the exceptions swallow the rule." Miranda v. Castro, 292 F. 3d 1062, 1066 (9th Cir. 2002)(citation omitted). As a consequence, "equitable tolling is unavailable in most cases." Miles, 187 F. 3d at 1107.

Petitioner claims he should be entitled to equitable tolling because he was out to court from March 12, 2015, to November 29, 2016, and was without his property. Petitioner fails to show that any extraordinary circumstance stood in his way. First, his claim is belied by the fact he filed his first and second state habeas petitions during this time period. Second, he states he was returned to prison on November 29, 2016, and received his legal property at that time. Yet, he delayed filing the nearly identical petition for another 106 days, an interval that itself is unreasonable. Petitioner must demonstrate diligence throughout the limitations period. Lacava v. Kyler, 398 F.3d 271, 277 (3rd Cir. 2005). He fails to do so. He fails to demonstrate any extraordinary circumstance stood in his way of timely filing his federal petition, and he fails to show that he acted diligently. He should not be granted equitable tolling.

**RECOMMENDATION**

Accordingly, the Court RECOMMENDS that the motion to dismiss be GRANTED and the habeas corpus petition be DISMISSED WITH PREJUDICE for Petitioner's failure to comply with 28 U.S.C. § 2244(d)'s one year limitation period.

This Findings and Recommendation is submitted to the United States District Court Judge assigned to this case, pursuant to the provisions of 28 U.S.C. section 636 (b)(1)(B) and Rule 304 of the Local Rules of Practice for the United States District Court, Eastern District of California. Within twenty-one days after being served with a copy, any party may file written objections with the Court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendation." Replies to the objections shall be served and filed within ten

court days (plus three days if served by mail) after service of the objections. The Court will then review the Magistrate Judge's ruling pursuant to 28 U.S.C. § 636 (b)(1)(C). The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated: **March 5, 2018** /s/ Jennifer L. Thurston
UNITED STATES MAGISTRATE JUDGE